6503. SEABOARD AIR-LINE RAILWAY *v.* BAKER.

WADE, J. The plaintiff, while engaged in loading lumber for the shipper on a freight-car stationed by the defendant on its side or spur-track, and while persons inside the car engaged about the same business, were placing in proper position lumber already loaded thereon, sus-

34

pended his work in order to refresh himself with a drink of water from a bucket placed at one end of the car and in its shadow, and, after obtaining a drink of water, seated himself near the bucket, awaiting the opportunity to resume his work. While he was so situated, the car was struck at the other end by cars moved by one of the defendant's engines to and upon this track, without notice or warning to him and not within his field of vision. *Held:*

1. When the defendant placed a car on its side-track to be loaded by the shipper, it did so with knowledge that the shipper and his employees would be engaged in and about the car from time to time until the completion of the loading; and this knowledge carried with it a corresponding duty, in operating and moving this particular car, or other cars upon the same track, to do so in such a manner as would not endanger the safety of those engaged in loading the car, and to give them notice or warning. *Atlanta, Knoxvile & Northern Ry Co.* v. *Roberts,* 116 *Ga.* 505 (42 S. E. 753). Servants of shippers or consignees of goods, while loading or unloading the goods from or upon cars on a side-track of the railroad carrier, with its consent, express or implied, are not trespassers or bare licensees, and the railroad company is bound to exercise ordinary care to avoid injury to them while they are so engaged. 2 Thomp. Neg. §§ 1761, 1841. See also Chesapeake & Ohio Railway Co. *v.* Plummer, 143 Ky. 97 (136 S. W. 159).

2. The plaintiff's cessation from actual labor for a few minutes only, while seeking the necessary refreshment to enable him to continue, and while waiting for his colaborers inside of the car to place the lumber therein, and thus enable him to resume his work in transferring other lumber from the outside, was not such a stepping aside from the business about which he was legitimately engaged as would render him for the time being a trespasser or mere licensee.

3. The court did not err in refusing to sustain the demurrers to the petition as amended. Nor did the court err in overruling the motion for a new trial, based upon the general grounds only, as the verdict was sufficiently supported by the evidence.          *Judgment affirmed.*

DECIDED JANUARY 27, 1916.

Action for damages; from city court of Polk county—Judge John K. Davis. March 12, 1915.

*Brown & Randolph, Ault & Wright,* for plaintiff in error.

*Marion Smith, Taylor Smith, Bunn & Trawick,* contra.