### 12038. PAYNE, agent, *v.* HENDRIX.

JENKINS, P. J. The plaintiff, while engaged in the work of helping to unload certain heavy iron beams from an open freight car, which had been placed by the defendant along a platform for that purpose, was seriously injured because of the striking of one of the iron beams by a switch-engine of the defendant, moving backward along an adjacent and parallel track. Evidence was offered to prove that in the unloading of the beam it was necessary to turn it transversely, so that it would extend across the adjacent track, and that at the time the engine struck the beam it had so projected for about five minutes. The petition and the evidence show that the approach of the engine while the plaintiff was thus engaged was unknown to him; and negligence is charged on the part of the defendant, in failing to give any warning of the approach of the engine, and in failing to keep a lookout while the engine was being thus moved backward. The jury found for the plaintiff in the sum of $750, and the defendant moved for a new trial, on the general grounds. *Held:*

1. Under the conditions stated, the defendant owed to the plaintiff the duty of exercising ordinary care for his protection while he was thus engaged in the work of unloading the car. *Seaboard Air-Line Ry. v. Baker,* 17 *Ga. App.* 529, 530 (1) (87 S. E. 828).

2. Under the particular facts and circumstances of the case, it cannot as a matter of law be held that the plaintiff, by the exercise of ordinary care on his own part, could have avoided the consequences to himself of the defendant's negligence, after it had or should have become known.      *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY. 14, 1921.

Action for damages; from city court of Atlanta — Judge Reid. October 30, 1920.

*Tye, Peeples & Tye,* for plaintiff in error.

*J. Caleb Clarke, E. F. Childress,* contra.